LAW OFFICES OF RICHARD A. LOVE
RICHARD A. LOVE (#61944)
KATHLEEN M. ERSKINE (#223218)
11601 Wilshire Boulevard, Suite 2000
Los Angeles, California 90025
Telephone: (310) 477-2070
Facsimile: (310) 477-3922
Email: rlove@love-law.net
kerskine@love-law.net

Attorneys for Plaintiff
SHELLEY CULLOTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY CULLOTY, | CASE NO. C 08-03561 SI ADR |
| Plaintiff, | |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | [PROPOSED] |
| Defendant. | CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; ORDER |

Plaintiff Shelley Culloty ("plaintiff" or "Culloty") and defendant Union Pacific Railroad Company ("defendant") (each of whom may be referred to as a "party", or collectively as the "parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, in connection with discovery in this case, the parties have sought certain documents and/or information which the other party contends is private, highly confidential and/or proprietary;

WHEREAS, each party contends that the documents and/or information sought are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence;

WHEREAS, the parties desire to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with the minimum of delay and expense;

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. Documents and information which are furnished to any party by any other party and are marked "**Confidential**" (including documents that are produced, deposition transcripts and discovery responses), and any summaries or descriptions of such documents and information, (hereinafter collectively referred to as "**Confidential Documents**") are confidential and shall be used solely for the purposes of prosecuting or defending this action. The term "**Confidential**" will be understood to apply to information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rules of Civil Procedure, Rule 26(c). **Confidential** information and **Confidential Documents** shall not be used for any other business and/or other purpose except pursuant to Paragraphs 7, 8, 9 and 10 of this Confidentiality Agreement and Protective Order.

2. Documents and information which are furnished to any party by any other party and are marked "**Confidential – Attorneys' Eyes Only**" (including documents that are produced, deposition transcripts and discovery responses), and any summaries or descriptions of such documents and information, (hereinafter collectively referred to as "**Confidential – Attorneys' Eyes Only Documents**") are confidential, are deemed by the party producing the documents or information to constitute confidential, proprietary, and/or trade secret information, and shall be used solely for the purposes of prosecuting this action. The term "**Confidential - Attorneys' Eyes Only**" will be understood to apply to information (regardless of how generated,

1  stored or maintained) or tangible things that are extremely sensitive and whose disclosure to a
2  Party or non-party would create a substantial risk of serious injury that could not be avoided by
3  less restrictive means.  **Confidential – Attorneys' Eyes Only** information or "**Confidential –**
4  **Attorneys' Eyes Only Documents**  shall not be used for any other business and/or other purpose
5  except pursuant to Paragraphs 7, 8, 9 and 10 of this Confidentiality Agreement and Protective
6  Order.

8        3.      Each party must take care to limit any such designation to specific information or
9  material that qualifies as "**Confidential**" or "**Confidential—Attorneys' Eyes Only**" and to
10 designate for protection only those parts of material, documents, items, or oral or written
11 communications that qualify.  If it comes to a party's attention that information or items that it
12 designated for protection do not qualify for protection at all, or do not qualify for the level of
13 protection initially asserted, it must promptly notify all other parties that it is withdrawing the
14 mistaken designation.  Material or information that qualifies for protection under this Order must
15 be clearly so designated before the material is disclosed or produced.   For documents, the
16 producing party shall affix the legend "**Confidential**" or "**Confidential – Attorneys' Eyes**
17 **Only**" at the top of each page that contains protected material. If only a portion or portions of the
18 material on a page qualifies for protection, the producing party also must clearly identify the
19 protected portion(s) with the level of protection being asserted.  For testimony given in deposition
20 or trial, the protected portions of the testimony must be identify on the record before the close of
21 the proceeding, or, if that is impractical, a Party may invoke on the record a right to have up to 20
22 days to identify the specific portions of the testimony as to which protection is sought.
23 Deposition transcript pages containing protected material must be separately bound by the court
24 reporter, who must affix to the top of each such page the legend "**Confidential**" or "**Confidential**
25 **– Attorneys' Eyes Only**," as instructed by the party offering or sponsoring the witness or
26 presenting the testimony.
27 ////
28 ////

1  4. Except as provided in Paragraphs 7, 8, 9 and 10, below, all such **Confidential Documents** shall be held in confidence in perpetuity and may be disclosed only to the following categories of persons:

    (a) Parties (including officers, directors, employees and house counsel), counsel of record for any party to this action and the employees of such counsel;

    (b) Non-party experts and consultants (including independent experts and independent consultants and their employees and clerical assistants) who are employed, retained or otherwise consulted by any counsel of record for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation;

    (c) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this action;

    (d) During their depositions, witnesses in the action to whom disclosure is reasonably. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (e) The author of the document or the original source of the information.

5. Except as provided in Paragraphs 7, 8, 9 and 10, below, all such **Confidential – Attorneys' Eyes Only Documents** shall be held in confidence in perpetuity and may be disclosed only to the following categories of persons:

    (a) Counsel of record for any party to this action and the employees of such counsel;

    (b) Non-party experts and consultants (including independent experts and independent consultants and their employees and clerical assistants) who are employed, retained or otherwise consulted by any counsel of record for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation;

    (c) Designated house counsel (including paralegal or clerical assistant);

    (d) Such other individuals as the parties later agree in a written stipulation.

|   |   |
|---|---|
| 1 | 6. **Confidential Documents** and **Confidential – Attorneys' Eyes Only Documents** |
| 2 | produced during the course of this litigation shall not be disclosed to any person under paragraphs |
| 3 | 4(b) and 5(b)(c) unless and until such person has acknowledged and agreed to be bound by the |
| 4 | terms of this Stipulated Confidentiality Agreement and Protective Order in the form attached as |
| 5 | Exhibit "1" to this stipulation and order. |

7. **Confidential Documents** and/or **Confidential Documents - Attorney Eyes Only** provided pursuant to this Stipulation and Protective Order shall not be filed with the Clerk of the Court or included in whole or in part in pleadings, motions or briefs in connection with any pre-trial proceeding except in accordance wtih Local Rul 79-5 ~~except under seal, prominently designated as being subject to this Stipulated Confidentiality Agreement and Protective Order and, when so filed, shall be opened only by personnel authorized by this Court or such other court in which they may be filed.~~

8. Counsel for the respective parties are directed to place any documents sought to be filed under seal with the Clerk of the Court, pursuant to this Order, in an envelope marked "SEALED."

9. ~~**Confidential Documents** and **Confidential – Attorneys' Eyes Only Documents** may be used and referred to during testimony in this action and during hearings on motions, petitions and appeals in this action and during discovery, but only in a manner that will protect the confidentiality of such documents, testimony or the information contained therein in accordance with the terms of this Stipulated Confidentiality Agreement and Protective Order. Prior to any such Court proceeding, the parties may submit proposed procedures, including any related disputes, to the Court for its approval or modification.~~

10. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall prevent any party from seeking an order of the Court determining that some or all of the **Confidential Documents** and **Confidential – Attorneys' Eyes Only Documents** produced are

not and do not contain confidential or private information, and therefore are not subject to the provisions of this Stipulated Confidentiality Agreement and Protective Order. If any party contends that any document marked as confidential or subject to this Protective order is not entitled to such protection, the document will nevertheless be treated as confidential until that party either (a) obtains written permission from the other party to do otherwise, or (b) obtains an order of this Court finding that the document is not a protected document. In addition, this Stipulated Confidentiality Agreement and Protective Order shall not be deemed a waiver of:

    (a)    Any party's right to object to any discovery requests on any grounds;

    (b)    Any party's right to seek an order compelling discovery with respect to any discovery request;

    (c)    Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

    (d)    Any party's right to use his/its own documents with complete discretion.

11. All documents supplied by the parties under a claim of confidentiality and any copies made therefrom shall remain the property of the party disclosing the documents and shall be returned to the disclosing party within ninety (90) days after the conclusion of this action, unless otherwise agreed upon in writing by the parties. One archive copy, and any file copy of confidential material attached or lodged with a pleading or as a deposition or trial exhibit, may be retained by the attorney for a party only, so long as the attorney continues to maintain the material as confidential. All other copies must be returned to the disclosing party.

12. This Stipulated Confidentiality Agreement and Protective Order may be modified or amended by further order of the Court for good cause shown.

13. The Court may enter the attached Protective Order requiring compliance with this Stipulated Confidentiality Agreement, and may sign such amendments to the Protective Orders as the parties stipulate in writing, or as the Court otherwise orders.

IT IS HEREBY STIPULATED:

Dated: ~~November~~ December 2, 2008  LAW OFFICES OF RICHARD A. LOVE

By: _____
RICHARD A. LOVE
Attorneys for Plaintiff
SHELLEY CULLOTY

Dated: ~~November~~ December 1, 2008  OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
Linda Claxton
Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

7

|   |   |
|---|---|
| 1 | <u>ORDER</u> |
| 2 |   |
| 3 | GOOD CAUSE APPEARING THEREFORE, |
| 4 | IT IS HEREBY ORDERED that a protective order be and hereby is issued as set forth |
| 5 | above pursuant to the stipulation of the parties for purposes of pre-trial proceedings; that any |
| 6 | **Confidential Documents** and **Confidential – Attorneys' Eyes Only Documents** sought to be |
| 7 | filed with the Court shall be upon noticed motion, under seal and contain a label prominently |
| 8 | stating "SEALED BY ORDER OF THE COURT ON [DATE]; that any sealed documents shall |
| 9 | be opened and reviewed only by personnel authorized by the Court and shall not be made |
| 10 | available for public inspection; and, that at the request of counsel, the sealed documents shall be |
| 11 | returned to the filing party at the conclusion of the pre-trial proceeding. |
| 12 | FOR GOOD CAUSE SHOWN, this Stipulated Confidentiality Agreement and Protective |
| 13 | Order, in its entirety, is hereby ordered into full force and effect. |
| 16 | DATED: _____, 2008 |
| 17 | *[signature: Susan Illston]* |
| 18 | Hon. Susan Illston, Judge<br>United States District Court |

# ACKNOWLEDGMENT OF PROTECTIVE ORDER
# AND AGREEMENT TO BE BOUND

I, _____, do solemnly swear and affirm that I have been provided with a copy, and am fully familiar with the terms, of the Stipulated Protective Order in *Shelley Culloty v. Union Pacific Railroad Company*, United States District Court, Northern District of California Case No. C 08-03561 SI ADR and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by the further Order of this Court. I consent to the jurisdiction of said Court and purposes of enforcing this Order.

DATED this \_\_\_\_\_ day of _____, 200\_\_.

_____