**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHELLEY CULLOTY,

        Plaintiff,

  v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.
                                 /

No. C 08-3561 SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

      Plaintiff moves to compel responses to three requests for production of documents or data.[1]

Plaintiff seeks the following three categories of statistical data about defendant's workforce:

      <u>Request for Production No. 12</u> seeks all writings that document, for each of defendant's employees in the Western Region from May 1, 1998 through plaintiff's termination in May 2008, the employee's identification number; date of birth; gender; date of hire; date of termination if applicable; last position held; and reason for termination.

      <u>Request for Production No. 13</u> seeks all writings that document, for each employee who applied to work for defendant in the Western Region from May 1, 1998 through plaintiff's termination in May 2008, the employee name or other unique identifier; date of birth; gender; date of application; position applied for (by job number or other internal classification); whether or not the person was hired; and date of denial or hire.

      <u>Request for Production No. 14</u> seeks all writings that document, for each employee involuntarily terminated from employment with defendant in the Western Region from May 1, 1998 through the date of plaintiff's termination in May 2008, the employee's name or unique identifier; date of birth; gender; date of termination; position terminated from (by job number or internal classification), reason for involuntary termination; and disciplinary hearing date/number, if any.

      Plaintiff contends that this data is relevant to her claims of gender discrimination. Plaintiff's

---

[1] The parties' letter briefs are found at Docket Nos. 32 and 33. Although the dispute was initiated by requests for document production, the parties in their meet and confer sessions focused on the underlying data being sought by the requests, and plaintiff's letter brief seeks "documents or data" responsive to the requests. The Court therefore treats the motion as one seeking data.

amended complaint alleges that she was harassed on account of her sex, and that she was unfairly disciplined and terminated. Plaintiff does not allege any claims related to a failure to hire or promote. Plaintiff worked for defendant from 1997 until May 2008.

Defendant offered to produce some data in response to requests 12 and 14, but limited to the 2003-2008 time period, the Roseville Service Unit where plaintiff worked, the job positions held by plaintiff (request 12) and the same rules violation for which plaintiff was terminated (request 14). Defendant refused to produce any information responsive to request 13 on the ground that plaintiff does not allege a failure to hire or promote, and thus data about applicants is irrelevant.

The Court finds that plaintiff is entitled to the data sought by Requests 12 and 14, but not 13. The Court agrees with plaintiff that the statistical data sought in Requests 12 and 14 – showing the gender make up of defendants' workforce during the time period of plaintiff's employment and reasons for termination – are relevant to plaintiff's claims of discrimination. *See Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1362-63 (9th Cir. 1985). The complaint alleges that during the entire 11 years plaintiff worked for defendant, she "never worked side-by-side with another female on a work gang, and was subjected to continuous, ongoing discrimination in the terms, conditions, rights and privileges of employment, as well as retaliation and harassment, by officers, directors and employees of Union Pacific by virtue of her status as a female employee . . . ." Am. Compl. ¶ 7. Based on these allegations, the Court finds that the requests are not overbroad as to time period. In addition, defendant's other proposed limitations – such as limiting the data to the Roseville Service Unit – could eliminate potentially relevant information about whether and how similarly situated employees were disciplined and/or terminated. The Court agrees with defendant, however, that Request 13 is not directed to potentially relevant data since plaintiff does not allege any claims related to a failure to hire or promote. In that regard, plaintiff's reliance on *Diaz* is unavailing, since *Diaz* involved a failure to promote claim.

Defendant also asserts that it has no obligation to compile and produce lengthy charts and spreadsheets setting forth the requested data. It is unclear from defendant's letter brief how defendant proposes to produce the data. However, during the meet and confer process defendant offered to produce data in a spreadsheet form. Accordingly, the Court orders defendant to produce the data

2

responsive to Requests 12 and 14 in a spreadsheet form.  Finally, defendant asserts that the requests implicate privacy interests of third parties.  However, the requests seek information by employee name *or* employee identification number (or other unique identifier), and thus these privacy concerns are addressed within the terms of the requests.  Defendant shall produce the data pursuant to this order by **June 30, 2009**, unless the parties agree on a different date.

**IT IS SO ORDERED.**

Dated: June 16, 2009

SUSAN ILLSTON
United States District Judge